UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH LAVERNE BOUNDS, JR., | Case No.: 3:25-cv-00403-MMD-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 10 |
| WHITE PINE COUNTY, OFFICER JULIAN FUENTES #439, and ANGELA YATES, | |
| Defendants | |

Before the court is a motion to quash service of process filed by specially appearing Defendants White Pine County and Officer Julian Fuentes. (ECF No. 10.) Plaintiff has not filed any response, and the time for doing so has expired. For the reasons discussed below, the motion will be granted.

Pursuant to the court's local rules, the failure of a party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. L.R. 7-2. On that basis, the defendants' motion may be granted. However, the motion is also properly granted on its merits.

**I. STANDARD**

A federal court lacks "personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987*)*; *see also Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013). Service of process under Rule 4 includes serving a copy of both the summons and the complaint on the defendant. Fed. R. Civ. P. 4(c)(1). Under Rule 4(e), an individual defendant may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Nevada law provides:

> Any current or former public officer or employee of any county, city, town, or other political subdivision of the State, or any public entity of such a political subdivision, who is sued in his or her official capacity or his or her individual capacity for an act or omission relating to his or her public duties or employment must be served by delivering a copy of the summons and complaint to the current or former public officer or employee, or an agent designated by him or her to receive service of process.

Nev. R. Civ. P. 4.2(d)(4).

A state-created governmental organization subject to suit "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." R. 4(j)(2)(A),(B). Under Nev. R. Civ. P. 4.2(d)(3),

> [a]ny county, city, town, or other political subdivision of the State, and any public entity of such a political subdivision, must be served by delivering a copy of the summons and complaint to the presiding officer of the governing body of the political subdivision, or an agent designated by the presiding officer to receive service of process.

1    "In addition to any other method which may be provided by statute or rule of court,
service [on a county] may be made upon the [county's] clerk or secretary." Nev. Rev. Stat. Ann. § 12.105.

Although Rule 4 is flexible "so long as a party receives sufficient notice of the complaint, . . . neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Benny*, 799 F.2d at 492 (internal citations and quotation marks omitted). Failure to effectuate service of process in compliance with Rule 4 could result in the quashing of service of process or dismissal of all or part of this action. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

Once service is challenged, a plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *see also Smith v. Dysart Unified Sch. Dist.*, No. CV-25-03407-PHX-JZB, 2025 WL 3153441, at *2 (D. Ariz. Nov. 12, 2025) ("The serving party—here, Plaintiff—'bears the burden of establishing the validity of service.'") (internal citation omitted).

## II. DISCUSSION

Here, the county and Fuentes claim that an unidentified individual attempted service by leaving a copy of the complaint and summons with an administrative assistant at the White Pine County Sheriff's Office on October 23, 2025, and that such was not valid service for either defendant.[1] Because no summons return has been filed with the court, defendants have challenged the attempted service, and Plaintiff has not met his burden to establish that he has

---

[1] Defendants' motion initially cites and relies upon a prior version of Nevada Rule of Civil Procedure 4, before eventually citing the version of the rule currently in effect. (*See* ECF No. 10 at 2-3); *see also* Nev. R. Civ. P. 4.2 adv. comm. n. ("Rule 4.2(d) amends former NRCP 4(d)(5) and addresses service on government entities and their officers and employees.").

executed valid service of process on either defendant in substantial compliance with Rule 4 of the Federal Rules of Civil Procedure, the attempted service of process on White Pine County and Fuentes will be quashed.

Plaintiff is advised that because the complaint was filed on September 9, 2025, service was required to be completed no later than December 8, 2025. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . ."). Accordingly, unless Plaintiff either files proof of service within thirty days of the date of this order or moves for an extension of time to complete service upon a showing of good cause and excusable neglect,[2] White Pine County and Officer Fuentes may be dismissed from this action without prejudice. If service was not effectuated on or before December 8, 2025, good cause must be shown for the failure to timely serve.

**CONCLUSION**

Accordingly, the motion to quash (ECF No. 10) is GRANTED.

Plaintiff will have thirty (30) days from the date of this order to file proof of completed service of process on defendants White Pine County and Officer Fuentes or move for an

---

[2] *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (extension of time for service under Rule 4(m) is mandatory where good cause is shown, and may be granted on a showing of excusable neglect); Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); L.R. IA 6-1(a) (" A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.").

4

extension of time to do so. Should Plaintiff fail to timely comply, White Pine County and Officer Fuentes may be dismissed from this action without prejudice.

**IT IS SO ORDERED**.

Dated: January 8, 2026

_____
Craig S. Denney
United States Magistrate Judge