UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KENNETH LAVERNE BOUNDS, JR,

Plaintiff,

v.

WHITE PINE COUNTY, *et al.*,

Defendants.

Case No. 3:25-cv-00403-MMD-CSD

ORDER

## I. SUMMARY

Plaintiff Kenneth Laverne Bounds, Jr. sued Defendants White Pine County, Julian Fuentes, and Angela Yates for alleged civil rights violations and intentional torts related to an altercation that occurred at Jailhouse Casino in Ely, Nevada, which led to Plaintiff's arrest. (ECF No. 1-1.) Before the Court is Defendants' Motion to Dismiss. (ECF No. 18.) The Court grants the Motion due to the Plaintiff's failure to effectuate proper service of process. The Court also denies Plaintiff's Motion for Reconsideration. (ECF Nos. 27, 30.)

## II. RELEVANT BACKGROUND

Plaintiff filed this lawsuit on August 6, 2025. (ECF No. 1.) His complaint alleged violation of his Fourth Amendment rights, malicious prosecution, false imprisonment, conspiracy to violate civil rights, municipal liability, equal protection violations, assault, battery, and abuse of process. (ECF No. 1-1 at 4-14.) After Plaintiff paid the filing fee, he was notified that proof of service was due by December 8, 2025. (ECF No. 5.)

In November 2025, Defendants Fuentes and White Pine County filed a Motion to Quash stating that an unknown individual had left a copy of the summons and complaint with an administrative assistant at the White Pine County Sheriff's Office in October 2025. (ECF No. 10 at 2.) Defendants argued this did not constitute proper service. (*Id.*) The Court agreed and granted the Motion to Quash. (ECF No. 15.) Plaintiff was given an

additional 30 days—until February 7, 2026—to file proof of service on Defendants Fuentes and White Pine County. (*Id*. at 4.) Plaintiff did not file proof of service or request an extension by this deadline.

As to Defendant Yates, Plaintiff was sent a notice from the Court on December 8, 2025, that proof of service had not been filed as to Angela Yates. (ECF No. 13.) The notice informed Plaintiff that he had until January 7, 2026, to file proof of service or Defendant Yates would be dismissed from the action without prejudice. (*Id*.) Plaintiff did not file proof of service by this deadline, and the Court dismissed Defendant Yates from the action without prejudice on January 8, 2026. (ECF No. 16.)

After several months without proper service, Defendants Fuentes and White Pine County moved to dismiss the action in August 2026 due to insufficient service of process. (ECF No. 18.) Plaintiff filed a Notice Summary of Explanation, which the Court construes as a response (ECF No. 21), to which Defendants replied (ECF No. 22). Included with the Notice Summary of Explanation are proof of service documents from October 2025 as to Defendant White Pine County and Defendant Yates. (ECF No. 21 at 4-5.) Plaintiff subsequently filed a Motion for Reconsideration, asking the Court to reconsider its dismissal of Defendant Yates (ECF Nos. 27, 30) and a Motion for Substituted Service as to Defendant Fuentes (ECF Nos. 28, 29).

## III. DISCUSSION

Under the Federal Rules of Civil Procedure, a defendant may seek dismissal of a case for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Service of process is a procedural requirement as a federal court lacks “personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.” *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987). Service of process includes service of a court summons with a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). Any adult who is not a party to the suit may effect service. *See* Fed. R. Civ. P. 4(c)(2). The Federal Rules define how service may be effectuated on US-based individuals and entities. *See* Fed. R. Civ. P. 4(e), 4(h).

Defendants Fuentes and White Pine County move to dismiss for insufficient service of process. (ECF No. 18.) In his response Plaintiff seems to argue that his October 2025 service on White Pine County was proper service, claims to have properly served Defendant Yates in October 2025, and asks for additional time to serve Defendant Fuentes. (ECF No. 21 at 3-5.) The Court agrees with Defendants and finds Plaintiff's service of process insufficient under both the Federal and Nevada Rules of Civil Procedure.

As a preliminary matter, the Court already ruled in its January 8, 2026, order granting Defendants' Motion to Quash that the October 2025 service on White Pine County was insufficient. (ECF No. 15.) Moreover, the Court finds that Plaintiff has not demonstrated good cause for his failure to effectuate service as to Defendants Fuentes and White Pine County. Plaintiff filed his complaint well over a year ago and Defendants Fuentes and White Pine County have still not been properly served, despite the Court's extension. And Plaintiff has effectively had an additional eight-month extension since the last deadline imposed to file proof of proper service and yet has failed to do so. The Court notes Plaintiff's representation in his Motion for Substituted Service that locating a process server is difficult in Ely. (ECF Nos. 28, 29.) But Plaintiff has provided no other explanation for the lack of proper service.

Plaintiff also argues for an extension of the service deadline as to Defendant Fuentes. (ECF No. 21 at 3.) But as stated above, Plaintiff effectively has already received an eight-month extension. Under the Federal Rules, where a plaintiff demonstrates good cause for failure to serve, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the Court finds more than "an appropriate period" has passed and Plaintiff still failed to effectuate service. The Court finds Plaintiff does not show good cause for any further extension and therefore "must dismiss the action without prejudice . . . or order that service be made within a specified time." *Id.* The Court has broad discretion to extend time for service, but that discretion is not "limitless." *Efaw v. Williams*, 473 F.3d 1041, 1041 (9th Cir. 2007). The Court may consider factors such as

"statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (citation omitted). A presumption of injury results from delay in prosecuting a case, and delay in service is a "particularly serious failure to prosecute because it affects all the defendant's preparations." *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976). Therefore, the Court elects to dismiss the case without prejudice. Plaintiff may refile suit and effectuate proper service or seek alternative service through the court or by agreement with the defendants.

As to Defendant Yates, even if the Court construes Plaintiff's proof of service attached to his Notice Summary of Explanation (ECF No. 21 at 5) as valid proof of service and as additional evidence in support of his Motion for Reconsideration (ECF Nos. 27, 30), the Court finds that Plaintiff has not provided any explanation as to why this proof of service as to Defendant Yates was not filed sooner. The Court notified Plaintiff on December 8, 2025, that it had not received proof of service as to Defendant Yates and warned him that Defendant Yates would be dismissed from the action if proof of service was not filed by January 7, 2026. (ECF No. 13.) No proof of service was filed by this deadline, and Plaintiff has supplied no explanation for this delay. The Court therefore denies Plaintiff's Motion for Reconsideration. (ECF Nos. 27, 30.)

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 18) is granted. The Court dismisses this action without prejudice based on insufficient service of process.

It is further ordered that Plaintiff's Motion for Reconsideration (ECF Nos. 27, 30) is denied.

It is further ordered that Plaintiff's Motion for Substituted Service (ECF Nos. 28, 29) is denied as moot.

The Clerk of Court is kindly directed to enter judgment in accordance with this order and close this case.

DATED THIS 28th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE